## DOOLITTLE et al. v. THE BALTIMORE et al.

## THE WICOMICO.

### No. 265.

### Circuit Court of Appeals, Second Circuit.

### March 23, 1945.

Hill, Rivkins & Middleton, of New York City (George B. Warburton, of counsel), for appellants.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

With commendable frankness counsel for the appellants admit that these appeals involve only questions of fact. They urge, however, that there is such an over-riding balance of proof against the findings made by the district court that its decrees should be reversed. On the afternoon of January 28, 1942, the tug Baltimore tied up at McAllister's dock in Kill Van Kull with its tow tailing behind on hawsers; later in the day the Baltimore was relieved by the tug Wicomico. The tow consisted of several barges made up in two tiers, the barge Thomas Tucker being the port barge in the second tier. During the night on the change of tide the tow swung to the west, and some time after midnight the bargee of the Tucker discovered that his boat was leaking badly at her port stern corner. She filled so fast that to prevent damage to adjacent barges she was cut out of the tow and she sank about 50 feet off the pier head line of the Gulf dock which is about 480 feet west of McAllister's. The bargee testified that his barge sprung a leak because she pounded against the end of the Gulf dock but the trial judge did not accept this version of the accident, primarily because of the testimony of a disinterested witness Davey, master of a Tice tug tied up at the end of the Gulf dock, who testified that the barge never came in contact with the pier or with his tug but was some distance ahead of him. There was also testimony, though disputed, as to the length of the Wicomico's hawsers which tends to corroborate Davey's testimony. Whether the barge

was allowed by the appellee's tugs to pound against the dock was vital to the appellants' case, for the libellants had the burden of proving negligence. We cannot say that the finding that she did not pound was clearly erroneous; on the contrary it finds ample support in the evidence.

Decrees affirmed.